DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Deputy
RENÉE L. ERICKSON, State Bar #304983
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3853
Facsimile:     (415) 554-3837
E-Mail:        renee.erickson@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINO Q. ESPINOSA,<br><br>　　　Plaintiff,<br><br>　　　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; SHERIFF VICKI L. HENNESSY in her official capacity,<br><br>　　　Defendants. | Case No. 17-cv-01766 KAW<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY**<br><br>Trial Date:　　　Not Set |

　　　Defendant City and County of San Francisco's answer plaintiff's First Amended Complaint For Damages ("complaint") as follows:

**INTRODUCTION**

　　　1.　　Defendant answers paragraph 1 of the complaint as follows: Defendant admits that plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, the United States Constitution, and the common law of California, against the City and County of San Francisco (the "City") and Sheriff Vicki L. Hennessy in her official capacity. A suit against Sheriff Hennessy in her official capacity is the same as a suit against the City. Defendant denies that Does 1-10 are proper defendants. Except as

specifically admitted, Defendant denies generally and specifically the remaining allegations in this paragraph.

2. Defendant answers paragraph 2 of the complaint as follows: Defendant specifically denies committing any violations or torts. Defendant denies generally and specifically the remaining allegations in this paragraph.

## JURISDICTION

3. Defendant answers paragraph 3 of the complaint as follows: Defendant admits that jurisdiction rests in this court. Defendant admits that plaintiff submitted a Government claim. Except as specifically admitted, Defendant denies generally and specifically the remaining allegations in this paragraph.

4. Defendant answers paragraph 4 of the complaint as follows: Defendant admits that the complaint alleges conduct in San Francisco. Except as specifically admitted, Defendant denies generally and specifically the remaining allegations in this paragraph.

## PARTIES

5. Defendant answers paragraph 5 of the complaint as follows: Defendant lacks information and belief as to the truth of the factual allegations in this paragraph, and on that basis denies the allegations.

6. Defendant answers paragraph 6 of the complaint as follows: Defendant admits that the City and County of San Francisco is a municipal entity, a Charter City, within California. Except as specifically admitted, Defendant denies generally and specifically the remaining allegations in this paragraph.

7. Defendant answers paragraph 7 of the complaint as follows: Defendant admits that Sheriff Hennessy is the Sheriff for the City and County of San Francisco. Defendant admits plaintiff has sued Sheriff Hennessy in her official capacity. A suit against Sheriff Hennessy in her official capacity is the same as a suit against the City. Except as specifically admitted, Defendant denies generally and specifically the remaining allegations in this paragraph.

/ / /

/ / /

8. Defendant answers paragraph 8 of the complaint as follows: Defendant denies that Does 1-10 are proper defendants. Defendant lacks information and belief as to the truth of the factual allegations in this paragraph, and on that basis denies the allegations.

9. Defendant answers paragraph 9 of the complaint as follows: Defendant denies that Does 1-10 are proper defendants. Defendant lacks information and belief as to the truth of the factual allegations in this paragraph, and on that basis denies the allegations. Further, this paragraph contains legal contentions, which do not require a response.

10. Defendant answers paragraph 10 of the complaint as follows: Defendant denies that Does 1-10 are proper defendants. This paragraph contains only legal contentions, and does not require a response.

11. Defendant answers paragraph 11 of the complaint as follows: Defendant denies that Does 1-10 are proper defendants. This paragraph contains only legal contentions, and does not require a response.

12. Defendant answers paragraph 12 of the complaint as follows: Defendant denies that Does 1-10 are proper defendants. This paragraph contains only legal contentions, and does not require a response.

13. Defendant answers paragraph 13 of the complaint as follows: Defendant denies that Does 1-10 are proper defendants. Defendant lacks information and belief as to the truth of the factual allegations in this paragraph, and on that basis denies the allegations. Further, this paragraph contains only legal contentions, and does not require a response.

**FACTS COMMON TO ALL ALLEGATIONS**

14. Defendant answers paragraph 14 of the complaint as follows: Defendant admits that Plaintiff was booked at the San Francisco County Jail #1 on July 9, 2016. Defendant lacks information and belief as to the truth of the remaining factual allegations in this paragraph, and on that basis denies the remaining allegations.

15. Defendant answers paragraph 15 of the complaint as follows: Doe 1 is not a proper defendant. Defendant denies generally and specifically the allegations in this paragraph.

///

16. Defendant answers paragraph 16 of the complaint as follows: Defendant lacks information and belief as to the truth of the factual allegations in this paragraph, and on that basis denies the allegations.

17. Defendant answers paragraph 17 of the complaint as follows: Doe 1 is not a proper defendant. Defendant denies generally and specifically the allegations in this paragraph.

18. Defendant answers paragraph 18 of the complaint as follows: Defendant lacks information and belief as to the truth of the factual allegations in this paragraph, and on that basis denies the allegations.

19. Defendant answers paragraph 19 of the complaint as follows: Defendant lacks information and belief as to the truth of the factual allegations in this paragraph, and on that basis denies the allegations.

20. Defendant answers paragraph 20 of the complaint as follows: Does 1-10 are not proper defendants. Defendant denies generally and specifically the allegations in this paragraph.

21. Defendant answers paragraph 21 of the complaint as follows: Defendant denies generally and specifically the allegations in this paragraph.

22. Defendant answers paragraph 22 of the complaint as follows: Defendant admits that deputies placed plaintiff in a safety cell because plaintiff was combative or a danger to others, and gave him a safety garment and safety blanket. Defendant admits that plaintiff was in the safety cell for approximately three hours. Except as specifically admitted, Defendant denies generally and specifically the allegations in this paragraph. Does 1-10 are not proper defendants.

23. Defendant answers paragraph 23 of the complaint as follows: Defendant admits that plaintiff was handcuffed for some period of time. Except as specifically admitted, Defendant denies generally and specifically the allegations in this paragraph.

24. Defendant answers paragraph 24 of the complaint as follows: Defendant lacks information and belief as to the truth of the factual allegations in this paragraph, and on that basis denies the allegations.

///

///

25. Defendant answers paragraph 25 of the complaint as follows: Defendant lacks information and belief as to the truth of the factual allegations in this paragraph, and on that basis denies the allegations. Does 1-10 are not proper defendants.

26. Defendant answers paragraph 26 of the complaint as follows: Defendant lacks information and belief as to the truth of the factual allegations in this paragraph, and on that basis denies the allegations. Further, the allegations include legal contentions, which do not require a response.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

27. Defendant answers paragraph 27 of the complaint as follows: This paragraph does not require a response.

28. Defendant answers paragraph 28 of the complaint as follows: Defendant specifically denies using unreasonable or excessive force, and specifically denies violating Plaintiff's Fourth and Fourteenth Amendment rights. Further, this paragraph contains only legal contentions, and does not require a response.

29. Defendant answers paragraph 29 of the complaint as follows: Defendant specifically denies violating Plaintiff's rights. Further, this paragraph contains only legal contentions, and does not require a response.

30. Defendant answers paragraph 30 of the complaint as follows: Defendant specifically denies violating Plaintiff's rights. Further, this paragraph contains only legal contentions, and does not require a response.

31. Defendant answers paragraph 31 of the complaint as follows: Defendant specifically denies violating plaintiff's constitutional rights. Further, this paragraph contains only legal contentions, and does not require a response. Defendant denies that Does 1-10 are proper defendants.

## SECOND CAUSE OF ACTION

32. Defendant answers paragraph 32 of the complaint as follows: This paragraph does not require a response.

///

Def. CCSF's Answer to Plaintiff's Complaint   5   n:\lit\li2017\171316\01211198.docx

33. Defendant answers paragraph 33 of the complaint as follows:  Defendant specifically denies violating plaintiff's right to petition the government under the First Amendment.  Further, this paragraph contains only legal contentions, and does not require a response.

34. Defendant answers paragraph 34 of the complaint as follows: Defendant specifically denies violating plaintiff's rights.  Further, this paragraph contains only legal contentions, and does not require a response.

35. Defendant answers paragraph 35 of the complaint as follows:  Defendant specifically denies violating plaintiff's rights.  Further, this paragraph contains only legal contentions, and does not require a response.

36. Defendant answers paragraph 36 of the complaint as follows:  Defendant specifically denies violating plaintiff's constitutional rights.  Further, this paragraph contains only legal contentions, and does not require a response.

## THIRD CAUSE OF ACTION

37. Defendant answers paragraph 37 of the complaint as follows:  This paragraph does not require a response.

38. Defendant answers paragraph 38 of the complaint as follows:  Defendant specifically denies violating plaintiff's constitutional rights or state law.  Further, this paragraph contains only legal contentions, and does not require a response.

## FOURTH CAUSE OF ACTION

39. Defendant answers paragraph 39 of the complaint as follows:  This paragraph does not require a response.

40. Defendant answers paragraph 40 of the complaint as follows:  This paragraph contains only legal contentions, and does not require a response.

41. Defendant answers paragraph 41 of the complaint as follows:  Defendant specifically denies using unreasonable or excessive force, and specifically denies violating state law.  Further, this paragraph contains only legal contentions, and does not require a response.

/ / /

/ / /

42. Defendant answers paragraph 42 of the complaint as follows: Defendant specifically denies using unreasonable or excessive force, and specifically denies violating state law. Further, this paragraph contains only legal contentions, and does not require a response.

### FIFTH CAUSE OF ACTION

43. Defendant answers paragraph 43 of the complaint as follows: This paragraph does not require a response.

44. Defendant answers paragraph 44 of the complaint as follows: This paragraph contains only legal contentions, and does not require a response.

45. Defendant answers paragraph 45 of the complaint as follows: Defendant specifically denies using excessive or unreasonable force and denies violating state law. Defendant specifically and generally denies the allegations in this paragraph. Further, this paragraph contains legal contentions, which do not require a response.

46. Defendant answers paragraph 46 of the complaint as follows: Defendant specifically denies using excessive or unreasonable force and denies violating state law. Defendant specifically and generally denies the allegations in this paragraph. Further, this paragraph contains only legal contentions, and does not require a response.

47. Defendant answers paragraph 47 of the complaint as follows: Defendant specifically denies using excessive or unreasonable force and denies violating state law. Defendant specifically and generally denies the allegations in this paragraph. Further, this paragraph contains legal contentions, which do not require a response.

### JURY DEMAND

48. Defendant answers paragraph 48 of the complaint as follows: This paragraph does not require a response.

### PRAYER

These paragraphs contain only legal conclusions and do not require a response.

///

///

///

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Variance between Tort Claim and Complaint)

Defendant alleges that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, Plaintiff's causes of action are limited to those factual allegations and theories of recovery set forth in Plaintiff's written government tort claim, if any.  To the extent the Complaint attempts to enlarge or expand upon those allegations and theories, the Complaint fails to state a cause of action and is barred pursuant to Government Code Sections 905, 910, 911.2, 945.5, 950.2 and related provisions.

**SECOND AFFIRMATIVE DEFENSE**

(Barred by California Government Code)

Defendant alleges that the complaint is barred by the provisions and immunities of California Government Code Sections 815, 815.2, 815.4, 815.6, 818.2, 818.4, 818.6, 818.7, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822, 822.2, 830, 830.2, 830.4, 830.5, 830.6, 830.8, 831.7, 830.9, 831, 831.2, 831.4, 835, 835.2, 835.4, 840, 840.2, 840.4, 840.6, 845, 845.2, 845.4, 845.6, 845.8, 850, 850.2, 850.4, 854.8, 855, 855.2, 855.4, 855.6, 855.8, 856, 856.2, 856.4, 910 et seq., 956.4, and other applicable provisions of law and of said sections.  Under California law, Defendant is liable only pursuant to statute.

**THIRD AFFIRMATIVE DEFENSE**

(Assumption of the Risk)

Defendant alleges that plaintiff had full knowledge of the risks involved in the activity in which he was engaged at the time of the incident set forth in the complaint herein; that plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint; and that the loss or damage, if any, sustained by the him was caused by said risks that were accepted and voluntarily assumed by him.

///

///

///

**FOURTH AFFIRMATIVE DEFENSE**

(Assumption of Risk - Peril)

Defendant alleges that plaintiff realized and appreciated the alleged danger which presented itself at the time of the happening of the event set forth in the complaint herein; that plaintiff, voluntarily placed himself in a position of peril, and that the loss or damage, if any, sustained by plaintiff was caused by said risks which were accepted and voluntarily assumed by plaintiff, when engaging in said activity.

**FIFTH AFFIRMATIVE DEFENSE**

(Mutual Combat)

Defendant alleges that plaintiff had full knowledge of the risks involved in the mutual combat activity in which he engaged and set forth in the complaint herein; that plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint, and that the loss or damage, if any, sustained by plaintiff was caused by said risks, which were accepted and voluntarily assumed by plaintiff when he engaged in said activity.

**SIXTH AFFIRMATIVE DEFENSE**

(Self Defense)

Defendant alleges by way of a plea of self-defense that its employees honestly and reasonably believed that plaintiff was about to inflict harm upon them and that the use of force, if any, was done reasonably and in self-defense.

**SEVENTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Defendant alleges that the complaint and each and every cause of action therein is barred by the statute of limitations as set forth in C.C.P. § 335 et seq. and related statutes.

**EIGHTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

Defendant alleges that the Complaint and each and every cause of action therein is barred because plaintiff failed to use reasonable diligence to mitigate damages allegedly sustained by him, and said failure bars or reduces the recovery, if any from defendant.

### NINTH AFFIRMATIVE DEFENSE

(Arrest)

Defendant alleges that if any force was used to effect the arrest of the plaintiff herein by any named defendant, such force was authorized and privileged pursuant to Sections 835 and 835a of the California Penal Code and as a proximate result thereof plaintiff is barred from any recovery herein for any alleged injury or damage if any there were.

### TENTH AFFIRMATIVE DEFENSE

(Immunity from Injury Caused by Person Resisting Arrest)

Defendant alleges that, pursuant to Government Code section 845.8, Defendant is immune from liability as a matter of law for injury caused to plaintiff by a person resisting arrest.

### ELEVENTH AFFIRMATIVE DEFENSE

(Good Faith)

Defendant alleges that the employees, officials and agents of defendant were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that plaintiff may have is barred by law.

### TWELFTH AFFIRMATIVE DEFENSE

(Estoppel, Laches, and Waiver)

By reason of Plaintiff's own acts and omissions, Plaintiff is barred by the equitable doctrines of estoppel and laches from seeking any recovery from Defendant by reason of the allegations set forth in the Complaint. By reason of Plaintiff's own acts and omissions, Plaintiff is barred by the legal doctrine of waiver from seeking any recovery from Defendant by reason of the allegations set forth in Plaintiff's Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Frivolous Action)

Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling defendant to sanctions and appropriate remedies (including without limitation attorney's fees) against plaintiff.

///

## FOURTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

The complaint and each cause of action therein are barred by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Immunity for Failure to Provide Medical Care to a Prisoner)

Defendant alleges that, under Government Code section 845.6, the City and County of San Francisco is immune from liability for any inadequate medical care plaintiff may have received while in custody.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

Defendant alleges by way of a plea of comparative negligence that plaintiff was negligent in and about the matters and activities alleged in the Complaint; that plaintiff's negligence contributed to and was a proximate cause of plaintiff and/or plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiff is entitled to recover damages against any Defendant by virtue of the complaint, Defendant prays that the recovery be diminished or extinguished by reason of the negligence of the plaintiff in proportion to the degree of fault attributable to the plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Privileged and Justified)

Defendant alleges that, if any force was used by its employees against the plaintiff, the use of force was the lawful exercise of the right of self-defense and defense of the public and privileged and/or justified by law, and any recovery pursuant to said use of force is barred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Public Liability Act)

Defendant alleges the provisions of the Public Liability Act of the California Government Code as the sole and exclusive measure of defendant's duties and liabilities in this action.

/ / /

/ / /

/ / /

### NINETEENTH AFFIRMATIVE DEFENSE

(Resisting Arrest)

Defendant alleges that plaintiff was under a duty pursuant to Section 834a of the California Penal Code to refrain from using force or a weapon to resist his arrest; that plaintiff breached his duty even though he knew or by the exercise of reasonable care should have known that he was being arrested by a peace officer; that as a direct and proximate result of plaintiff's breach of this duty he is barred from recovery for any loss or damage he may have incurred, if any there be.

### TWENTIETH AFFIRMATIVE DEFENSE

(Plaintiff's Conduct Reckless and Wanton)

Defendant alleges that at all times mentioned in plaintiff's complaint herein, plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff; that as a consequence, plaintiff's claim is barred.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Prevent Injury/Escape)

Defendant alleges that no more force was used on plaintiff's person than was necessary to effect detention, overcome any resistance thereto, prevent escape there from, and prevent injury to the officers and the public and to facilitate and safeguard a valid police investigation.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Discretionary Act Immunity)

Defendant alleges that the act or omissions which plaintiff claims give rise to liability in this case were within the discretion of a San Francisco employee acting within the course and scope of his employment and, as a result, plaintiff's claim is barred by the discretionary act immunity contained in Government Code section 820.2 and its related provisions.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Plaintiff Assaulted Police)

Defendant alleges that at all times mentioned in plaintiff's complaint herein, plaintiff willfully, wantonly, maliciously, and unlawfully committed a violent assault on the persons of the arresting

officers; that it became and was necessary to use force on the person of the plaintiff to defend said arresting officers from said violent assault on their persons; that the injuries, if any, and damages, if any, incurred by plaintiff were proximately caused by the necessary use of said reasonable force on the person of plaintiff and not otherwise; and that by reason of plaintiff instituting said vicious and violent assault on the persons of said arresting officers, plaintiff's failure and refusal to desist from continuing said assault, and the consequent necessity to use reasonable force to defend said arresting officers from said assault, plaintiff's' claim, if any, is barred by law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Qualified Immunity)

Defendant alleges that this lawsuit is barred, in whole or in part, by the doctrine of qualified immunity.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Immunity:  Exemplary Damages)

Defendant City and County of San Francisco allege that it, a public entity, is immune from liability for exemplary damages herein pursuant to Section 818 of the California Government Code.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Immunity: Injury to prisoner)

Defendant alleges that, pursuant to the California Government Code section 844.6, it is immune from liability as a matter of law for any injury to plaintiff.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Res Judicata, Collateral Estoppel)

The Complaint and each and every cause of action therein is barred by the doctrine of collateral estoppel, res judicata, and the case law prohibiting Plaintiff from "splitting" claims or causes of action.  *Ferraro v. Southern Cal. Gas Co.* (1980) 102 Cal.App.3d 33, 41.  Further, Defendant alleges that the complaint is barred, in whole or in part, by Section 426.30 of the California Code of Civil Procedure.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing from Defendant;

2. That the Complaint against Defendant be dismissed with prejudice;

3. That Defendant recover its costs of suit herein, including attorneys' fees; and

4. For such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant demands a trial by jury.

Dated:  August 4, 2017

         DENNIS J. HERRERA
         City Attorney
         CHERYL ADAMS
         Chief Trial Deputy
         RENÉE L. ERICKSON
         Deputy City Attorney


       By:  */s/ Renee L. Erickson*
         RENÉE L. ERICKSON

         Attorneys for Defendant
         CITY AND COUNTY OF SAN FRANCISCO

**PROOF OF SERVICE**

I, ANNAMARIE DAVIS, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On August 4, 2017, I served the following document(s):

**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY**

on the following persons at the locations specified:

Che L. Hashim, Esq.
Law Offices of Che L. Hashim
861 Bryant Street
San Francisco, CA 94103
*che.hashim.esq.@gmail.com*

Attorney for Plaintiff

(415) 487-1700 (Telephone)

in the manner indicated below:

☒ **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be served electronically through ***EM/ECF Filer*** in portable document format ("PDF") Adobe Acrobat.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed August 4, 2017, at San Francisco, California.

*/s/ Annamarie Davis*
ANNAMARIE DAVIS